KEITH SHAPIRO, ESQ.
Illinois Bar No. 6184374
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435
Email: shapirok@gtlaw.com
Email: petermann@gtlaw.com

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: olsonb@gtlaw.com

*Proposed Counsel for Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SHENGDATECH, INC.,<br><br>    Debtor.<br>_____<br><br>SHENGDATECH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>XIANGZHI CHEN, et al.,<br><br>    Defendants. | Case No. BK-11-52649<br><br>Chapter 11<br><br><br><br>Adv. Pr. No. 11-05082<br><br><br>**DEBTOR'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ON ORDER SHORTENING TIME** |

Pursuant to Sections 105, 362, 541, and 1107 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 7065, and based upon the Complaint in this adversary proceeding, the declaration of Sheldon B. Saidman, and the Memorandum of Law filed contemporaneously herewith and incorporated by reference, ShengdaTech, Inc., plaintiff debtor-in-possession (the "Debtor"), hereby moves for a temporary restraining order and a preliminary injunction against the defendants listed on Exhibit 1 and state as follows:

1

1.	On August 19, 2011, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

2.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Sections 105, 362, 541 and 1107 of the Bankruptcy Code provide the grounds for the relief requested herein. Venue of the Debtor's Chapter 11 case and this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1408.

3.	The Debtor is a Nevada corporation with its principal place of business in China. The Debtor manufactures a specialty additive known as nano-precipitated calcium carbonate ("NPCC").  NPCC is used in a variety of products to enhance their durability and efficiency and is widely applied in the paint, paper, plastic and rubber industries and used for building materials such as PVC.  The Debtor conducts its manufacturing operations through several affiliated companies in China (the "PRC Subsidiaries").

4.	Defendants in this adversary proceeding are the Debtor's shareholders and Board members.  *See* Exhibit 1.  They include the Debtor's former President and Chief Executive Officer and largest shareholder, Chen Xiangzhi ("Mr. Chen").  Mr. Chen owns over 42.25% of the outstanding shares of the Debtor, making him the Debtor's largest shareholder.

5.	The Special Committee of the Debtor's Board of Directors commenced the Chapter 11 Case in order to restructure the Debtor's business operations, to safeguard assets, and to allow the Debtor through its Special Committee to continue its ongoing investigation into the financial affairs of the Debtor and the actions which occurred under the direction and knowledge of former management, including Mr. Chen.

6.	More specifically, as part of this ongoing special investigation being conducted pursuant to Board Resolution dated March 4, 2011, the Special Committee has determined that certain of the Debtor's financial records may have been falsified in whole or in part and that serious issues remain unanswered regarding the financial condition of the Debtor and its overall business operations.  The Special Committee continues to use its best efforts to obtain a true understanding of the Debtor's affairs, but those efforts have been thwarted and obstructed by

former management of the Debtor, including by Mr. Chen, making the Special Committee's work incomplete.

7. By resolution dated August 19, 2011, and pursuant to the authority vested in it on March 4, 2011, the Special Committee removed Mr. Chen from his management positions and appointed a Chief Restructuring Officer ("CRO"), who will work with the Special Committee to investigate the discrepancies in the Debtor's financial records, including verifying the Debtor's cash accounts and tracing any funds that appear to have been moved out of the Debtor's accounts to certain of its China subsidiaries and prosecute the Chapter 11 Case.

8. The continuation of the Special Committee and the CRO and their ability to remain intact and exercise the full power and authority that has been given to them by the Debtor's Board of Directors is vital to the Special Committee's and CRO's ability to complete the investigation, address the serious matters facing the company, and allow the Debtor to reorganize as a going concern. Accordingly, it is essential that the status quo be maintained and that Special Committee and the CRO be allowed to continue performing consistent with the March 4, 2011 Resolution and the August 19, 2011 Resolution.

9. The likelihood that the Debtor's shareholders and board, including Mr. Chen, or others might take actions to terminate, modify, or suspend the Special Committee or CRO or adversely affect their ability to continue exercising their powers under the March 4, 2011 Resolution and August 19, 2011 Resolution provides sufficient grounds for allowing the injunctive relief requested herein. The threat of this occurring has become more imminent given the recent actions of Mr. Chen, the Special Committee's recent removal of management, including Mr. Chen as President and CEO of the Debtor, and Mr. Chen's and others' obstruction of the important investigation and other work being performed by the Special Committee. Importantly, as of August 25, 2011, the Board will be expanded to include an additional non-independent Board member, Mr. Gongbo Wang. Mr. Wang is being appointed by 52% of the total current issued and outstanding voting stock of the Debtor, including Mr. Chen's 42.25% outstanding shares of the Debtor. Mr. Wang is plant manager for one of the PRC Subsidiaries. Unless the defendants, including Mr. Chen, are enjoined from taking any

actions that would adversely affect the Special Committee and the CRO, the Debtor and its estate will suffer immediate and irreparable injury.

10. The defendants will not be prejudiced by the relief requested herein. To the contrary, the Special Committee and CRO will continue acting in the best interests of the Debtor, its creditors, and other parties of interest.

11. Furthermore, the public interest will not be disserved by the relief requested herein. To the contrary, the public will benefit if injunctive relief is granted.

12. Upon information and belief, the defendants against whom the temporary restraining order and preliminary injunction are sought are located throughout the United States and around the world. The Debtor has provided copies of the summons and complaint and related papers and notices upon counsel for Mr. Chen and upon Mr. Chen via email. The Debtor proposes to serve the summons and complaint and related papers following the entry of temporary injunctive relief by United States mail, first class, or overnight courrier. Because of the emergency nature of the relief requested by the Debtor, and the confidential nature of these Chapter 11 filings, the large number of defendants, and the impracticability of giving notice to all shareholders under the time constraints and other circumstances surrounding this case, further notice respecting this Motion for Temporary Restraining Order and Preliminary Injunctive Relief should not be required.

13. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests:

(1) entry of a temporary restraining order in the form attached hereto as Exhibit 2 (a) enjoining the defendants from terminating, suspending, or modifying the Special Committee and CRO, (b) allowing the Special Committee and CRO to continue acting consistent with the March 4, 2011 Resolution and August 19, 2011 Resolutions, (2) scheduling a hearing on the Debtor's request for a preliminary injunction, and (3) following such a hearing, entry of the preliminary injunction.

CHI 61,486,729

| | |
|---|---|
| 1 | Respectfully submitted by: |
| 2 | /s/ Bob L. Olson |
| | BOB L. OLSON, ESQ. |
| 3 | Nevada Bar No. 3783 |
| | GREENBERG TAURIG, LLP |
| 4 | 3773 Howard Hughes Parkway, Suite 400 North |
| | Las Vegas, Nevada  89169 |
| 5 | Telephone:  702-792-3773 |
| | Facsimile:   702-792-9002 |
| 6 | Email: olsonb@gtlaw.com |
| 7 | and |
| 8 | KEITH SHAPIRO, ESQ. |
| | Illinois Bar No. 6184374 |
| 9 | NANCY A. PETERMAN, ESQ. |
| | Illinois Bar No. 6208120 |
| 10 | GREENBERG TRAURIG, LLP |
| | 77 West Wacker Drive, Suite 3100 |
| 11 | Chicago, Illinois  60601 |
| | Telephone:  312-456-8400 |
| 12 | Facsimile:   312-456-8435 |
| 13 | Email: shapirok@gtlaw.com |
| | Email: petermann@gtlaw.com |
| 14 | |
| 15 | |
| 16 | *Proposed Counsel for* |
| | *Debtor and Debtor in Possession.* |

5

CHI 61,486,729